IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHAD JOHNSON, | Civ. No. 1:18-cv-00377-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendant. | |

AIKEN, District Judge.

Plaintiff Chad Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, this case is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this action is somewhat disjointed and lacks sufficient factual allegations for the Court to form a clear understanding of Johnson's claims. It appears that the Oregon Department of Human Services ("DHS") initiated some sort proceeding concerning the custody of Johnson's son, presumably a juvenile dependency action, but the proceeding was subsequently terminated. Compl. 5.

Johnson brings his claims against DHS pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth, and Twelfth Amendment rights, apparently for actions taken by DHS during the juvenile dependency proceeding.[1] Johnson also invokes the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*, as a basis for federal question jurisdiction, but the Complaint contains no further references to RFRA or any allegation that DHS burdened Johnson's religious practice. Furthermore, the Supreme Court has invalidated RFRA, holding that it was an unconstitutional exercise of congressional power pursuant to Section Five of the Fourteenth Amendment because of a "lack of proportionality or congruence between the means adopted and the legitimate end to be achieved." *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997). In light of *City of Boerne*, and in the absence of any clear supporting factual allegations, the Court dismisses Johnson's RFRA claim and confines its discussion to Johnson's claims under § 1983.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation

---

[1] The Complaint alleges that DHS interfered with Johnson's "12th amendment right to raise my child." Compl. 6. This citation appears to be in error because the Twelfth Amendment concerns the procedure for electing the President of the United States. U.S. Const. Amend. XII.

Page 3 –OPINION & ORDER

was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Even at this early stage, the Court notes two major issues with the Complaint: (1) as a state agency, DHS is not a "person" within the meaning of § 1983 and is entitled to sovereign immunity; and (2) the Complaint lack sufficient factual allegations for the Court to understand the basis for Johnson's claims.

### A. Sovereign Immunity

The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). Congress has not abrogated state sovereign immunity in 42 U.S.C. § 1983. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). It is similarly well settled that a state agency is entitled to sovereign immunity from suit. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993).

Furthermore, § 1983 allows suits against state and local officials who have violated federal law, but does not allow claims against states or state agencies because they are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amendable to suit under that statute.").

In this case, DHS is the only named defendant. As an Oregon state agency, DHS is entitled to the protection of sovereign immunity. DHS is also not a "person" within the meaning

of § 1983, and therefore not a proper defendant in an action under that statute. In drafting his amended complaint, Johnson should find some other basis or other defendant for his claims.

**B. Insufficient Factual Allegations**

The most fundamental problem with Johnson's Complaint is its lack of clear factual allegations. As noted above, a federal complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although Johnson alleges that DHS violated his rights, he does not clearly allege *how*. It is not clear, for instance, what actions DHS took during the juvenile dependency action, or whether Johnson lost, retained, or regained custody of his son. The Complaint itself provides contradictory allegations. For instance, the Complaint alleges that DHS "dismissed/dropped my family case but never notified me with written notice if I may or may not be a father to my son," and that Johnson has "been without a clear concise legal document citing an action plan to get home and back with my blessed boy," which suggest Johnson lost custody of his son. Compl. 5-6. But the Complaint also alleges that Johnson "had to take a psycho sexual in order to keep DHS from maybe taking my son into custody," which, together with the fact that the DHS case has apparently been dismissed, suggests Johnson never lost custody of his son. Compl. 5.

The factual allegations contained in Johnson's Complaint fall short of federal pleading standards. The Court is mindful of the latitude accorded to *pro se* plaintiffs, however, and Johnson will be given an opportunity to amend his complaint. In drafting his amended

complaint, Johnson should take care to include enough facts for the Court to understand what has happened, how the defendants violated Johnson's rights and why he believes the defendants should be held liable.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this 13th day of March, 2018.

ANN AIKEN
United States District Judge